## Shore Estate (No. 1)

*Leonard F. Markel, Jr.*, and *Richard R. Malis*, for accountants.

*Wright, Mauck, Hawes & Spencer* and *Roper & Caldwell*, for exceptants.

VAN RODEN, P. J. (specially presiding), January 5, 1951.—Decedent died March 4, 1948, survived by his widow (who has since remarried and is now Minerva Shore Musicus) and by one daughter, Joan I. Shore, a minor of the age of 18 years. Decedent was possessed of a considerable estate at the time of his death, it appearing from the account that the net distributable principal balance is $138,475.93. After bequeathing specific pecuniary legacies aggregating $9,500, decedent left a one-third share of his residuary estate to his widow, a one-third share to his daughter (naming his widow as testamentary guardian during the daughter's minority and conferring upon the guardian the right to use part of the principal of the minor's estate, not exceeding the sum of $500 in any one year prior to the minor's attaining the age of 18 years, and not

exceeding the sum of $1,000 in any one year thereafter until the daughter attains the age of 21 years), and left the remaining one-third to his brothers and sister in certain stated proportions.

The widow, who is also one of the accountants, has presented a claim against the estate in the sum of $3,750, alleged to be due for the maintenance of decedent's minor daughter during the period of 15 months from and after decedent's death, based on the rate of $3,000 per year.

From the testimony adduced in support of the claim it appears that decedent's minor daughter is being maintained in the style to which she had been accustomed during her father's lifetime, and it may well be that her actual maintenance and educational expenses amounted to $3,000 per annum. However, it is unnecessary for the court to consider either the quantity or quality of such evidence, since there appears to be no legal basis whatsoever for such claim.

A father is undoubtedly liable for the support of minor children, both at common law and by statute: Act of June 24, 1937, P. L. 2045, sec. 3, as amended May 23, 1945, P. L. 864, and May 23, 1945, P. L. 865, 62 PS §1973. The father is primarily responsible for the maintenance of minor children, but in case of his death or inability, that duty devolves upon the mother, if she is financially able to care for them: Huffman v. Huffman, 311 Pa. 123, 125 (1933). In that case, it was held that a written agreement between husband and wife for the support of minor children is enforcible against the husband's estate after his death, but it is clear from the opinion that the Supreme Court considered the written agreement as the basis for a departure from the general rule that death terminates the liability of a father for support of his children. Similarly, in Schwab Adoption Case, 355 Pa. 534, 540 (1947), it is stated that, "While the father *lived* it

was his obligation to support the child and not that of the wife." (Italics supplied.)

In Fisher's Estate, 88 Pitts. L. J. 403 (1939), the question arose as to whether the Commonwealth of Pennsylvania was entitled to transfer inheritance tax on the amount which decedent by written agreement engaged to pay the wife for the maintenance, education and support of their three minor children. In that case, decedent gave his residuary estate to his children and for their benefit and directed in his will that his executors and trustees carry out the terms of a written contract with his wife for the support of his children. It was held that no deduction would be allowed in the computation of the inheritance tax, on the ground that, "Having bequeathed and devised all his estate to the children, decedent fulfilled his duty and the purpose of the agreement, and *after his death his estate could not be held for the payment of further maintenance on the basis of his natural obligation*".

In the instant case, the court is of the opinion that decedent made adequate provisions for his daughter when he left her one third of his estate. In addition to the income therefrom being available for the support of the minor, provision is made for the expenditure of $1,000 per annum out of the principal. Similarly, the statutory exemption of $500 was available for the maintenance of the widow and minor child during the period of administration. If these combined sources of support were in fact insufficient to pay the minor daughter's expenses for maintenance and education, the deficit must be borne by the mother individually. This does not seem to be a specific hardship in this particular case, but such factor is not controlling. The fundamental basis for the refusal of the claim is that there is no legal liability upon the estate of a deceased parent for the support of minor

children subsequent to the death of the parent, in the absence of a written agreement providing therefor. Accordingly, there is no legal basis for the allowance of the instant claim and it is hereby disallowed and dismissed.